NOT FOR PUBLICATION                                                                                        **CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES P. KUPCHO, | |
| Plaintiff, | Civil No. 06-1318 (JLL) |
| v. | |
| | **O P I N I O N** |
| TAMMY GREEN (IRS Appeals Officer), | |
| Defendant. | |

**LINARES,** District Judge.

This matter comes before the Court by way of motion to dismiss the Complaint filed by the United States[1], for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The United States also requests that this Court impose sanctions against the Plaintiff, James P. Kupcho, for filing a frivolous complaint. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons stated in this Opinion, the United States' motion to dismiss is granted and its request for sanctions is denied.

---

[1] The United States' motion is on behalf of Tammy Green since Plaintiff's allegations against this defendant focus on actions taken in her official capacity. As a preliminary matter, the Court notes that since Plaintiff's allegations against Green focus on actions taken in her official capacity, the proper party defendant is the United States. Martin v. Logan, 2006 WL 497103 *2 (D.N.J. Jan. 20, 2006) (citations omitted).

## BACKGROUND

Plaintiff, appearing pro se, filed his Complaint in this Court on March 20, 2006 alleging that Defendant Tammy Green ("Green"), an Internal Revenue Service Appeals Officer, violated his due process rights. Plaintiff alleges that his due process rights, as secured by the Fifth Amendment, were violated when he was denied a face-to-face hearing with an officer of the Internal Revenue Service ("IRS"). As a remedy, Plaintiff seeks mandamus relief in the form of a hearing, as well as costs and attorneys fees.

From the documents attached to the Complaint, it appears that by letter dated January 18, 2006, the IRS set up a telephone conference with Plaintiff scheduled to take place on February 8, 2006. ("January 18 Letter") (Ex. A to Compl.). The January 18 Letter informed Plaintiff that his request to audio record the telephone conference would not be permitted because audio recording was only permitted during face-to-face conferences and because the IRS had determined that Plaintiff was not entitled to a face-to-face conference. (January 18 Letter at 1) (Ex. A to Compl.). The January 18 Letter further informed Plaintiff that if he wished to participate in a face-to-face conference he must be "prepared to discuss issues relevant to paying [his] tax liability." (January 18 Letter at 1) (Ex. A to Compl.). If Plaintiff wished to have face-to-face conference he was required to inform Green of such decision within 15 days of the January 18 Letter and to describe to Green the relevant issues he wished to discuss. (Id.). Otherwise, Plaintiff's telephone conference would take place on February 8, 2006. (Id.).

Plaintiff responded to the January 18 Letter by letter dated February 1, 2006. ("February 1 Letter") (Ex. B to Compl.). Plaintiff repeated his request for a face-to-face conference and provides several citations to statutory provisions and regulations allegedly in favor of such

request.  (Id.).  In the same letter, Plaintiff states that "at the heart of the matter is the statutory authority for assessment of taxes. . . ." (Id. at 2).  Plaintiff states that if Green continued to deny him a face-to-face conference "such action must be considered a willful violation of [his] right to due process" and that Plaintiff intends to "prosecute such violations of my rights to the full extent of the law."  (Id. at 3).

On February 16, 2006, the IRS issued Plaintiff a "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330" ("Notice of Determination") (Ex. A to Def. Reply Br.).[2]  The Notice of Determination covers income taxes owed by Plaintiff for the tax periods ending December, 2000 and December, 2001.  It appears that Plaintiff had appealed the levies for these tax periods to the IRS.  The Notice of Determination notes that Plaintiff had timely requested a face-to-face Collection Due Process (CDP) Hearing ("CDP hearing") under Section 6330 of the Internal Revenue Code.  However, the IRS declined to grant Plaintiff a face-to-face CDP hearing because Plaintiff failed to raise issues relevant to his tax liability, did not offer any type of collection alternative, and because face-to-face conferences are not permitted if the issues which the taxpayer raises are frivolous or groundless.  (Notice of Determination at 5, Ex. A. to Def. Reply Br.).  The Notice of Determination informed Plaintiff that if he desired to "dispute this determination in court, [he] must file a petition with the United States Tax Court for a redetermination within 30 days from the date of this letter."  (Notice of Determination at 1, Ex.

---

[2]Since this Court must examine whether it has subject matter jurisdiction over the Plaintiff's Complaint, not whether Plaintiff states a claim, the Court may consider matters outside of the pleadings.  Mortensen v. First Federal Savings & Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977).  Thus, the Court may consider the Notice of Determination, a document not attached to the Complaint, but provided to the Court by the United States along with its brief, in its analysis of whether subject matter jurisdiction exists.

A. to Def. Reply Br.).

Plaintiff did not appeal the IRS determination to the United States Tax Court.  Rather, Plaintiff filed the instant Complaint in the District Court.  Plaintiff alleges that this Court has subject matter jurisdiction over the Complaint pursuant to 28 U.S.C. §§ 1331, 1361 and 1391.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and thus, are permitted to adjudicate cases and controversies only as permitted under Article III of the Constitution. U.S. Const. art. III, § 2; see also Philadelphia Federation of Teachers v. Ridge, 150 F.3d 319, 323 (3d Cir.1998); Travelers Ins. Co. v. Obusek, 72 F.3d 1148, 1153 (3d Cir.1995).  Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a claim/s for lack of subject matter jurisdiction.  The plaintiff bears the burden of demonstrating federal jurisdiction.  Corzine v. 2005 Defense Base Closure & Realignment Com'n, 388 F.Supp.2d 446, 449 (D.N.J. 2005).

## DISCUSSION

Neither party disputes that Kupcho is entitled to the protections of 26 U.S.C. § 6330. Title 26, Section 6330 of the United States Code permits a taxpayer to request a CDP hearing before the IRS makes a levy determination.  28 U.S.C. § 6330(b)(1).  By statute, the IRS Office of Appeals has the responsibility of holding these hearings and issuing levy determinations.  See 28 U.S.C. §§ 6330(b)(1), 6330(c)(3).  Once the Office of Appeals has issued its determination, a taxpayer may petition the United States Tax Court for review of the determination pursuant to 28 U.S.C. § 6330(d)(1).[3]  Plaintiff was informed of this right in the Notice of Determination.

---

[3]In relevant part, the statute provides that "the person may, within 30 days of a determination under this section, appeal such determination - (A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such matter); or (B) if the Tax Court does not have

4

The United States argues that this Court does not have subject matter jurisdiction over the Complaint and thus, the Complaint must be dismissed. The United States argues that "[t]he United States Tax Court, not the District Court, has jurisdiction over collection due process issues involving an underlying income tax liability." (Def. Br. at 2). Plaintiff contends however that his Complaint raises constitutional claims which do not challenge the underlying liability, but rather procedural shortcomings in the hearing processes. Plaintiff thus argues that this Court properly has subject matter jurisdiction over the Complaint. Plaintiff also contends that this Court has subject matter jurisdiction over the Complaint due to Plaintiff's mandamus cause of action. (Pl. Br. Opp'n at 5-11).

**A.    Sovereign Immunity**

The United States argues that the Complaint should be dismissed because the United States has not waived its sovereign immunity to be sued in the District Court. The United States argues that the Tax Court, not the District Court, has exclusive jurisdiction over "procedural and substantive challenges to collection due process hearings where the underlying tax liability is income taxes." (Def. Br. at 3). In support of this argument, the United States relies upon the decision rendered by the Honorable Katherine S. Hayden, U.S.D.J. in another similar civil action filed by the Plaintiff in this District, Kupcho v. Voysest, 2005 U.S. Dist. LEXIS 4379 (D.N.J. 2005). The United States also argues that § 6330 of the Internal Revenue Code only provides a waiver of sovereign immunity in narrow circumstances which are absent from the present situation.

---

jurisdiction of the underlying tax liability, to a district court of the United States." 28 U.S.C. § 6330(d)(1).

Plaintiff makes several arguments in support of this Court's jurisdiction over the Complaint. First, Plaintiff contends that his claims involve a constitutional question which the Tax Court is without jurisdiction to consider. Next, Plaintiff argues that there is no income tax matter at issue, and only an "employment tax," and thus the case must be submitted to the District Court. (Pl. Br. Opp'n at 1). Plaintiff also argues that he is not barred from suit by sovereign immunity since a government official has violated one of his constitutional rights. (Pl. Br. Opp'n at 2).

It is well-settled that "[j]urisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver." U.S. v. White Mountain Apache Tribe, 537 U.S. 465 at 472 (2003) (citing United States v. Mitchell, 445 U.S. 535, 538-539 (1980); United States v. Mitchell, 463 U.S. 206, 216-217 (1983)). "A waiver must be expressed unequivocally in statutory text and will not be implied." United States v. Bein, 214 F.3d 408, 413 (3d Cir. 2000) (citing Lane v. Pena, 518 U.S. 187, 192 (1996)). "Sovereign immunity not only protects the United States from liability, it deprives a court of subject matter jurisdiction over claims against the United States." Richards v. United States, 176 F.3d 652, 654 (3d Cir. 1999).

Section 6330 of the Internal Revenue Code provides that:

> The person may, within 30 days of a determination under this section, appeal such determination –
>  (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
>  (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

26 U.S.C. § 6330(d)(1). Thus, the United States argues that since Plaintiff's claim involves an

underlying tax liability, jurisdiction is properly in the Tax Court, not the District Court. (Def. Br. at 4). However, Plaintiff argues that since he did not include 26 U.S.C. § 6330 within the jurisdictional statement of the Complaint, the United States' argument based on this statute is inapplicable. (Pl. Br. Opp'n at 8). Plaintiff further contends that since he is only asserting his right to a face-to-face hearing, the underlying tax liabilities are not the subject of the Complaint. (Pl. Br. Opp'n at 8).

Plaintiff carries the burden of establishing the existence of subject matter jurisdiction. Tobin, 170 F. Supp.2d at 476. However, Plaintiff has pointed to no applicable waiver of sovereign immunity in his opposition brief. Instead, Plaintiff argues that under the Federal Tort Claims Act, 28 U.S.C. § 2679(b)(1) and (2), permission to sue is not required when a government official has violated a right secured by the Constitution. (Pl. Br. Opp'n at 2). Plaintiff contends that this provision provides an exception to the United States' sovereign immunity. (Id. at 3).

The United States argues that it is has not waived its sovereign immunity through 26 U.S.C. § 6330 because the underlying issue in this case is Plaintiff's income tax liability. Further, the United States urges the Court to disregard Plaintiff's arguments pertaining to the Federal Tort Claims Act since Plaintiff has not alleged a valid tort claim in the Complaint. (Def. Br. Reply at 2, n. 1).

As a preliminary matter, the Court notes that "[s]overeign immunity is not defeated by the act of naming officers and employees of the United States as defendants in a suit that is properly

against the United States." Martin, 2006 WL 497103, * 3 (citations omitted)[4].  Accordingly, despite Plaintiff naming Tammy Green as a defendant in this matter, the Court has already determined that the proper Defendant is the United States.

Further, this Court also determines that 26 U.S.C. § 6330 does not provide a waiver of the United States' sovereign immunity with respect to Plaintiff's Complaint.  Although Plaintiff argues that the true basis of his Complaint is an alleged violation of his Constitutional rights, it is clear from a reading of the record and an examination of 26 U.S.C. § 6330 that Plaintiff's income taxes for the 2000 and 2001 tax years truly constitute the crux of the Complaint.  It is apparent that it was the claimed liability which precipitated the Notice of Determination and underlaid Plaintiff's request for a face-to-face hearing with the IRS.  In fact, one of the reasons given for the IRS's denial of Plaintiff's request for a face-to-face hearing was Plaintiff's refusal to discuss issues relevant to his tax liability. (Notice of Determination at 5, Ex. A. to Def. Reply Br.).  Accordingly, the Court determines that 26 U.S.C. § 6330 does not provide a waiver of the United States' sovereign immunity.

Plaintiff also argues that the Federal Tort Claims Act, 28 U.S.C. § 2679(b)(1) and (2) provides Plaintiff with permission to sue the United States based upon an alleged violation of a right secured by the Constitution. (Pl. Br. Opp'n at 2).  Plaintiff contends that this provision provides an exception to the United States' sovereign immunity since Plaintiff alleges in the Complaint that the United States violated his Constitutionally-secured right to due process. (Id. at 3).  The United States argues that the Federal Tort Claims Act is inapplicable because Plaintiff

---

[4]The Court notes that the Court of Appeals for the Third Circuit, by Judgment dated November 14, 2006 affirmed the decision of the Honorable Freda L. Wolfson in this matter.  As of the date of this Opinion, such Judgment has not been given a case citation.

has failed to allege a valid tort claim in the Complaint. (Def. Br. Reply at 2, n. 1).

Title 28, Section 2679(b)(2) of the United States Code does not waive the United States' sovereign immunity nor provide an independent jurisdictional basis for a complaint. Martin, 2006 WL at *3. Instead, § 2679(b)(1) sets forth an exclusivity provision regarding remedies available in tort actions brought against the United States. § 2679(b)(2) sets forth exceptions to the exclusivity provision, including an exception for a civil action against an employee of the Government "which is brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A). This section serves to exclude Bivens[5] claims from the scope of the Federal Tort Claims Act and does not in itself constitute a waiver of sovereign immunity. However, Plaintiff states in his brief that the Complaint does not present a Bivens-type action (Pl. Br. Opp'n at 8), and thus § 2679(b)(2)(A) is inapplicable to the Court's analysis and thus fails to provide a proper basis for subject matter jurisdiction.

**B.     Mandamus Statute**

The Court must next examine whether Plaintiff's requested mandamus relief pursuant to 28 U.S.C. § 1361 provides the Court with subject matter jurisdiction.

The mandamus statute set forth in 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, "[a] writ of mandamus is appropriate only in 'extraordinary circumstances' and should

---

[5] The term Bivens claim refers to the seminal case Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). This case allows plaintiffs, in limited circumstances, to maintain damage actions "against federal officials for violations of an individual's constitutional rights committed by an officer acting in his or her official capacity." Martin, 2006 WL at *3 (citing Bivens, 403 U.S. at 391, 397).

only be granted if there is a clear right to the relief sought and no other adequate remedy is available." Martin, 2006 WL at * 4 (citing In re Asbestos School Litigation, 46 F.3d 1284, 1288-89 (3d Cir. 1994).

A party seeking such relief must satisfy three conditions before a writ issues. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." Cheney v. United States Dist. Court, 542 U.S. 367, 380 (2004) (citation omitted). Next, the petitioner must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." Id. at 381 (citations omitted). Finally, "the issuing court ... must be satisfied that the writ is appropriate under the circumstances." Id. "A writ of mandamus is an extraordinary remedy that may only be invoked in exceptional circumstances." Carmichael v. Everson, 2004 WL 54119, *1 (D.N.J. 2004) (citing Kerr v. United States District Court for the N. District of California, 426 U.S. 394, 402 (1976)).

Here, the United States argues that Plaintiff is unable to meet the requirements for issuance of a writ, and thus 28 U.S.C. § 1361 does not provide this Court with subject matter jurisdiction over the Complaint. Specifically, the United States argues that Plaintiff is unable to demonstrate that he has a clear right to the relief sought and that a writ of mandamus is not the Plaintiff's only remedy since 26 U.S.C. § 6330 allows him to appeal the Notice of Determination to the Tax Court. (Def. Br. at 5-6).

In the Complaint's "Relief Sought" section Plaintiff requests, inter alia, that the Court "ORDER that Tammy Green – and other duly authorized Internal Revenue Service employee(s) – provide a fair hearing pursuant to 26 C.F.R. § 601.106 and IRC §§ 6213(b)(2), 7521, 6320 and 6330 for all assessments, penalties and interest against Plaintiff for tax years 2000 and 2001."

(Compl. at 5). However, as the United States notes, none of the statutes or the regulation cited to by the Plaintiff afford him the remedy he seeks and thus his entitlement to a writ of mandamus is not clear and undisputable.

> The regulations accompanying 26 U.S.C. § 6330 explicitly provide that:
>
>> the formal hearing procedures required under the Administrative Procedure Act, 5 U.S.C. § 551, et seq., do not apply to CDP hearings. CDP hearings are much like Collection Appeal Program (CAP) hearings in that they are informal in nature and *do not require the Appeals officer or employee and the taxpayer . . . to hold a face-to-face meeting*. A CDP hearing may, *but is not required to*, consist of a face-to-face meeting . . . .

26 C.F.R. § 301.6330-1(d)(2) Q&A D-6 (emphasis added). Although Plaintiff cites to this very language in his brief, Plaintiff urges that the regulation, while not *requiring* an officer to hold a face-to-face hearing, does not allow an officer to *deny* such a hearing. (Pl. Br. Opp'n at 4). However, Plaintiff sets forth no further regulatory language nor case-law in support of such an interpretation. Instead, Plaintiff maintains that "[t]here is nothing in the law or the regulations made pursuant thereto which authorize Green to deny a face-to-face hearing, hence [her] denial being a departure from what the law requires. (Id. at 5). However, this assertion ignores the express language of 26 C.F.R. § 301.6330-1(d)(2) Q&A D-8 which runs contrary to Plaintiff's premise. This regulation states that "[a] face-to-face CDP conference concerning a taxpayer's underlying liability will not be granted if the request for a hearing or other taxpayer communication indicates that the taxpayer wishes only to raise irrelevant or frivolous issues concerning that liability." Id. It is thus clear that there *is* language in the accompanying regulations which permits an officer to deny a face-to-face hearing. Since the regulations provide

11

that an officer is allowed to deny a taxpayer a face-to-face hearing, the Court accordingly determines that Plaintiff fails to establish one of the requirements for issuance of a writ of mandamus, that is, that Plaintiff's "right to the issuance of the writ is clear and indisputable." Cheney, 542 U.S. at 381.  See Martin, 2006 WL at * 4 (citing Quigley v. United States, 358 F.Supp.2d 427, 430 (E.D.Pa. 2004) (a taxpayer is not entitled to a face-to-face hearing with an appeals officer)).  Thus, Plaintiff may not rely on 28 U.S.C. § 1361 as the basis for this Court's subject matter jurisdiction since Plaintiff is not entitled to the mandamus relief he is seeking.[6]

C.   **Alternative Bases for Subject Matter Jurisdiction**

Plaintiff also offers 28 U.S.C. § 1331 and 28 U.S.C. § 1391 as alternative bases for subject matter jurisdiction. (Compl. ¶ 1).  Title 28, Section 1331 of the United States Code is a statute which provides district courts with original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Id.  However, such statute does not waive the United States' sovereign immunity.  Martin, 2006 WL at *3.  Since this Court has previously determined that Plaintiff has established no other valid waiver of sovereign immunity, Plaintiff may not rely on 28 U.S.C. § 1331 as a basis for subject matter jurisdiction.

Title 28, Section 1391 of the United States Code merely addresses venue and does not establish subject matter jurisdiction.  Id. Accordingly, this statute provides no jurisdictional basis.

D.   **Sanctions**

In the United States' brief in support of its motion to dismiss, the United States requests that this Court impose sanctions upon Plaintiff for "filing a frivolous complaint." (Def. Br. at 2).

---

[6]Since the Court has previously determined that Plaintiff is not entitled to the mandamus relief he seeks the Court declines to reach the remaining prongs for issuance of a writ of mandamus.

However, the United States provides no further argument with respect to this request in neither the moving brief nor reply brief. Further, Plaintiff points out this deficiency in his opposition brief, and the United States still failed to address sanctions in its reply submission. (Pl. Br. Opp'n at 9). Accordingly, the Court hereby denies such request and declines to impose sanctions against Plaintiff.

## **CONCLUSION**

For the reasons set forth above, this Court hereby grants the United States' motion to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and denies the United States' request for sanctions.

An appropriate Order accompanies this Opinion.


DATED: December 4, 2006                                  /s/ Jose L. Linares
                                                         United States District Judge